**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                       **CRIMINAL NO. 3:10-CR-71-1
(Judge Bailey)**

**BEVERLY JANE HESTER,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE

Currently pending before this Court is the defendant's Motion to Reduce Sentence [Doc. 153], which was filed on July 9, 2012. Defendant Hester respectfully requests a reduction from her previously imposed mandatory minimum sentence of 120 months. In light of ***Dorsey v. United States***, 567 U.S. ___ (2012), the mandatory minimum sentence no longer applies to this defendant. Accordingly, this Court will now apply the advisory guideline range in imposing its sentence. This Court further notes the Government does not object to this reduction.

Defendant Hester entered a plea of guilty to Count 5 of the Indictment (distribution of cocaine base). On the 11th day of May, 2011, after reviewing the Presentence Investigation Report, this Court found a base level offense of 18, minus two (2) levels for acceptance of responsibility, and minus one (1) additional level based on the Government's motion, resulting in a total offense level of 15. With a criminal history category III, the guidelines would have provided a range of 24-30 months incarceration. The drug weight for Count 5, to which defendant Hester pled, was 5.1 grams of cocaine base. Prior to the

1

recent June 21, 2012, Supreme Court of the United States' *Dorsey* and *Hill* decisions, 567 U.S. ___ (2012), the 5-year statutory mandatory minimum was triggered by a conviction for possessing with intent to distribute five (5) or more grams of cocaine base. In addition, the Government filed a notice under 21 U.S.C. § 851, thereby enhancing defendant Hester's mandatory minimum to 10 years. Accordingly, this Court sentenced defendant Hester to the 10-year mandatory minimum.

The *Dorsey* opinion has changed the rules. In light of *Dorsey*, a defendant like Hester who committed the relevant crime prior to August 3, 2010, but was sentenced after August 3, 2010, is not subjected to the harsher mandatory minimum which the Fair Sentencing Act aimed to reduce. Under the Fair Sentencing Act, the 5-year mandatory minimum is now triggered by a conviction for possessing with intent to distribute 28 or more grams of cocaine base.

Defendant Hester's motion is well taken. The crime for which she was sentenced took place on or about April 1, 2010, and she was sentenced to the 10-year mandatory minimum on May 11, 2011. Defendant Hester therefore represents the quintessential defendant whose disparity the Supreme Court sought to redress.

As stated above, with a criminal history category III, the guidelines provide a range of 24-30 months incarceration. Accordingly, now that this Court is no longer bound by the 10-year mandatory minimum, this Court will reduce the defendant's sentence to twenty-four (24) months. All other provisions of the original sentence shall remain in effect. Accordingly, the defendant's Motion to Reduce Sentence **[Doc. 153]** is **GRANTED**. The United States Probation Office is **DIRECTED** to prepare a Judgment and Commitment

Order reflecting the above.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the United States Probation Office.

**DATED**: July 10, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE