**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                 **CRIMINAL NO. 3:10-CR-71-3**
                                                         **(Judge Bailey)**

**KEVIN M. ROBINSON,**

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE

Currently pending before this Court is Defendant Kevin M. Robinson's Motion to Reduce Sentence and to Waive Resentencing Hearing [Doc. 159], which was filed on August 29, 2012. Defendant Robinson respectfully requests a reduction from his previously imposed mandatory minimum sentence of 120 months. In light of ***Dorsey v. United States***, 567 U.S. ___ (2012), the mandatory minimum sentence no longer applies to this defendant. Accordingly, this Court will now apply the advisory guideline range in imposing its sentence. This Court further notes the Government does not object to this reduction.

Defendant Robinson entered a plea of guilty to Count 5 of the Indictment (distribution of cocaine base). On the 9th day of May, 2011, after reviewing the Presentence Investigation Report, this Court found a base level offense of 20, minus two (2) levels for acceptance of responsibility, and minus one (1) additional level based on the Government's motion, resulting in a total offense level of 17. With a criminal history category III, the guidelines would have provided a range of 30-37 months incarceration. The drug weight for Count 5, to which defendant Robinson pled, was 5.1 grams of cocaine base. Prior to

1

the recent June 21, 2012, Supreme Court of the United States' **Dorsey** decision, 567 U.S. ___ (2012), the 5-year statutory mandatory minimum was triggered by a conviction for possessing with intent to distribute five (5) or more grams of cocaine base. In addition, the Government filed a notice under 21 U.S.C. § 851, thereby enhancing defendant Robinson's mandatory minimum to 10 years. Accordingly, this Court sentenced defendant Robinson to the 10-year mandatory minimum.

The **Dorsey** opinion has changed the rules. In light of **Dorsey**, a defendant like Robinson who committed the relevant crime prior to August 3, 2010, but was sentenced after August 3, 2010, is not subjected to the harsher mandatory minimum which the Fair Sentencing Act aimed to reduce. Under the Fair Sentencing Act, the 5-year mandatory minimum is now triggered by a conviction for possessing with intent to distribute 28 or more grams of cocaine base.

Defendant Robinson's motion is well taken. The crime for which he was sentenced took place on or about April 1, 2010, and he was sentenced to the 10-year mandatory minimum on May 9, 2011. Defendant Robinson therefore represents the quintessential defendant whose disparity the Supreme Court sought to redress.

As stated above, with a criminal history category III, the guidelines provide a range of 30-37 months incarceration. Accordingly, now that this Court is no longer bound by the 10-year mandatory minimum, this Court will reduce the defendant's sentence to thirty (30) months. All other provisions of the original sentence shall remain in effect. Accordingly, the defendant's Motion to Reduce Sentence **[Doc. 159]** is **GRANTED**. The United States Probation Office is **DIRECTED** to prepare a Judgment and Commitment Order reflecting

the above.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the United States Probation Office.

**DATED**: August 30, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE